## BABBITT v SHADE et

Ohio Appeals, 2nd Dist, Franklin Co

No 2834.   Decided May 10, 1938

R. P. Barnhart, Asst. Pros. Atty., Columbus, for appellant.

Randolph Walton, Columbus, for appellee.

### OPINION

By GEIGER, J.

The parties were below as in this court. Plaintiff in his petition alleges that at the time mentioned he has been the super-intendent of the Franklin County Home, having been appointed to the position from the eligible list established by competitive examination conducted by the State Civil Service Commission; that certain of the defendants are the qualified members of the Board of County Commssioners of Franklin County and the others, the members of the State Civil Service Commission.

Plaintiff alleges that the tenure of his position in the classified Civil Service is during good behavior and efficient service and that the Board of County Commissioners have never determined or charged him with any of the acts designated in the statute as giving them power to remove; that notwithstanding his classified Civil Service status, the defendant County Commissioners on or about the 31st of March, 1937, requested and demanded, wholly for political reasons, that plaintiff resign his position; that said act was in violation of §§485-2, 486-17, 486-27 GC.

Plaintiff says on or about 31st day of March because of the insistence of the defendants, Snyder and Trabue and not being advised as to his legal rights, he gave to the defendants a resignation to take effect on the first day of June, 1937; that thereafter on the 3rd day of May, not having relinquished his position, he addressed to the defendants, members of the Board of County Commissioners, a communication in which he states that his resignation was submitted—under a misapprehension of his rights under the Civil Service law and that he desires to continue in the position and therefore before the effective date of the resignation withdraws or rescinds the same.

Plaintiff says that the withdrawal of his resignation was presented to the commissioners, but that they, at a subsequent date, refused to accept said withdrawal and requested an eligible list from the State Civil Service Commission which not then having such a list, proceeded with an examination to qualify eligibles, which examination was held on the 20th of May and that the Civil Service Commission is proceeding to grade the applicants for the purpose of establishing an eligible list from which to certify to the County Commissioners three names from which the commissioners, unless restrained by the court, will appoint another incumbent for plaintiff's position.

Plaintiff avers that the Board of County Commissioners have expressed their determination to and unless enjoined from so doing, will supplant plaintiff in violation of

the statutes and that the plaintiff will be without any remedy at law.

Plaintiff prays that a restraining order may be granted enjoining the Civil Service Commission from certifying to the defendants, the County Commissioners, the names of any eligibles qualifying on May 20th for plaintiff's position and enjoining defendants, the commissioners, from appointing any person to the position of superintendent of the County Home, held by plaintiff, for permanent injunction on final hearing and for other relief.

A temporary restraning order was allowed by the court. A motion to dissolve the temporary order was filed as well as a general demurrer by the County Commissioners, both of which were overruled by the court.

Thereupon an answer was filed admitting appointment of the plaintiff and that he is still serving; admitting the official position of the defendants and that the plaintiff's position is in the classified Civil Service and that the commissioners have filed no charges against him; that on March 31st he filed a resignation to take effect June 1st with the Board of County Commissioners; that on May 3rd, he filed with said board a communication as set out in his petition; that the defendant board requested the eligible list, etc.

Defendants deny each and every other allegation and further say that on April 3, 1937, the Board of County Commissioners, duly advised the plaintiff that his resignation was accepted and further, by resolution on that date, accepted the resignation of the plaintiff. They pray for a dismissal of the petition.

Thereafter the plaintiff moves the court for judgment on the pleadings for the reason that the answer does not contain a valid defense to the petition. This motion was overruled. The cause coming on for hearing on the pleadings and evidence, the court finds for the plaintiff and that he is entitled to the relief prayed for and a motion for a new trial is overruled. It is decreed that the temporary injunction be made perpetual. From this order of the court, the defendant County Commissioners give notice of appeal on questions of law.

A bill of exceptions was allowed and the case duly lodged in this court.

Two questions are presented:

(1) Can the plaintiff obtain the relief he seeks through injunction?

(2) Can one, holding a Civil Service position, who has tendered his resignation through misapprehension of his rights, to take effect at a future day, recall the resignation before the expiration of the day it was to take effect and retain his position, even though the appointing board between the date of his designation and of its recall, have duly accepted the same?

## CAN PLAINTIFF OBTAIN THE RELIEF HE SEEKS, THROUGH INJUNCTION?

This question meets us at the threshold and may lead to some confusion. §§11875 and 11876 GC define injunction and the causes therefor. In Ohio Jurisprudence, Volume 21, page 1144, §102 et seq., the matter is discussed at length and it is there pointed out, in substance, that matters of a political character are not justiciable in courts of equity; that an injunction issued to enforce a purely political right is void; that injunction is not the appropriate remedy to try title to office or to determine questions concerning the election or appointment of public offcials, such questions being regarded as purely legal in character and determinable only in courts of law; injunctions will not lie at the suit of a claimant to a public office to oust an adverse claimant who is in possession. §105 page 1152, is to the effect that injunction may be resorted to by an incumbent of a public office to protect his possession against interference by an adverse claimant until the latter establishes his title at law. The basis of the rule by which injunction is denied to the claimant out of possession and allowed to the claimant in possession is the protection of the public interest. So far as concerns the private interest of the office holder, courts may well take the view that tenure of public office is not a property right for the protection of which the intervention of equity may be invoked.

Counsel in this case each rely upon the principles announced in Reemelin v Mosby, 47 Oh St 570. It is there held that the remedy by injunction may be employed by the incumbent to protect his possession against the interference of an adverse claimant whose title is in dispute until the latter shall establish his title by law, but it is not an appropriate remedy to try the title to a public office or determine questions concerning the authority to make appointments thereto.

Williams, J., announces the principle as follows: As a general rule a court of equity will not exercise jurisdiction to control the conduct of public officers by injunction. An injunction may be properly allowed where parties are at issue concerning their legal rights and it is necessary to preserve their

rights in statu quo until the determination of the controversy and the remedy by injunction may be employed by the incumbent of a public office to protect his possession against interference of an adverse claimant whose title is in dispute. The court points out that in that case there is as yet no person setting up any claim to the office and that there can be none until there is an exercise of the power of appointment, the averment being that the defendant threatens to appoint members of the board and that such members, if appointed, will attempt to take possession of the office held by the plaintiff. Action was not against those who may attempt interference. Such attempted interference on the part of those who shall be appointed may afford grounds for an injunction against them, but the action there under examination has no other purpose than to prevent the exercising of an appointing power because it is feared that persons to be appointed may attempt to deprive the plaintiff of the office claimed by him. The court holds that for the settlement of these questions injunction is not a proper remedy, such questions being of a purely legal nature and cognizable by courts of law. The party who seeks the remedy must not only show some clear legal title but also a well grounded apprehension of immediate and substantial injury. Threatened acts which can have no immediate result constitute no ground for the relief. It is stated:

"It is the action of the persons who may be so appointed, that the plaintiff's fear will cause them injury, and not that of the defendant in making the appointment; and, it is plain, the appointment can not produce the apprehended mischief. To its commission, the action of a new agency is necessary, that of the officers appointed, over whom the defendant can have no control."

It is held in **Harding v Eischenger, 57 Oh St 371** that injunction may be resorted to by an incumbent of a public office to protect his possession against interference by an adverse claimant until the latter establishes his title, but is not the appropriate remedy to try the title. Quo warranto is the proper form of remedy. See **Payne v Keller, Mayor, 4 Oh Ap 138. Commission of Ohio v Evans, 99 Oh St 56.**

In **State ex v Brough, 94 Oh St 115**, it is held:

"The remedy by injunction can not be employed to try the title to a public office, but it may be resorted to by one in possession of a public office, under color of title, to protect his possession against the interference of an adverse claimant whose title is in dispute until the latter shall establish his title by law."

In **Palmer v Ziegler, 76 Oh St 210**, it is held in substance that one who has been duly appointed superintendent of a County Infirmary and has qualified according to law and been put in possession may maintain injunction to protect himself in the possession against an adverse claimant whose term has expired, but who threatens to interfere with such superintendent in the discharge of his duties. **Sullivan v Hacke, 5 N.P. 56.**

There can be no doubt under these decisions that one holding an office may resort to injunction to prevent an adverse claimant from gaining possession of the office, but it is also equally well established that the right to a public office may not be determined through the exercise of the right of injunction, a purely equitable remedy. In the case at bar there is no adverse claimant seeking to eject the plaintiff from his office or to interfere with the performance of his duties. The plaintiff bases his right to injunction upon the allegation that he is in the lawful possession of the office, that he tendered his resignation to take effect at a future date and that before the arrival of such date he sought to withdraw such resignation and that the County Commissioners refused to permit this withdrawal and that they are requesting the Civil Service Commission to furnish an eligible list and that the commission in pursuance of this request are proceeding to establish such list and that the commissioners, unless enjoined, will supplant the plaintiff in violation of the statute. The prayer is that a restraining order may be granted restraining the Civil Service Commission from certifying the list and the members of the Board of County Commissioners from appointing any person to the position.

It seems to us that the action of the plaintiff is premature. The action of the Civil Service Commission in furnishing a list is preliminary to the power of the County Commissioners to make an appointment but the act of such commission is not a direct attack upon the plaintiff's right to hold his office. While the act of the County Commissioners in appointing a successor

may ultimately lead to an attack upon his office, yet no such successor has been appointed. Nothing appears except the allegation of the petition from which we can definitely say that the commissioners will ever exercise their claimed right to appoint a successor and it further does not appear that the one so selected by the County Commissioners will attempt to deprive the plaintiff of his office.

Whatever may be the proper method in which to protect the plaintiff's goods from the unlawful acts of one who may finally seek to eject him, we are of the opinion that the plaintiff may not, by invoking the equitable remedy of injunction, ward off that which he anticipates and asserts will ultimately ripen into an illegal attack upon his right to hold the office.

On first considering this matter we are inclined to the view that inasmuch as the cause had proceeded as it has under the prayer for injunction that no harm could be done and time and expense could be saved by allowing the proceeding to be used to try the right of the petitioner to his office which he has resigned but which resignation has now been withdrawn. On further consideration, we feel that more harm might grow out of our endorsement of what appears to us to be clearly an untenable position than would be justified by the saving to the plaintiff of time and expense. His ultimate rights can be protected in a proceeding appropriate to the facts as they develop. Taking the view we do of the matter, we might well rest at this point, but having necessarily considered the main issue, we will venture some suggestion that may be of value in any future action.

Counsel for defendants rely upon the case of Orr v Board of Education, 23 O.C.C. (N.S.) 98 and counsel for plaintiff rely, with equal confidence, upon the case of State ex Staley v City of Lakewood, 47 Oh Ap 519. Without determining which of these two cases should control in the final disposition of the present case, we simply wish to call attention to certain allegations of the petition concerning which there is not a scintilla of evidence in the record. The allegation is made that the defendants, members of the Board of County Commissioners, requested and demanded wholly for political reasons that plaintiff resign his position and that said Act was in violation of §486-17 GC, and further that because of the insistence of the defendants he tendered his resignation. On the trial of the case before the Court of Common Pleas, the court stated that he did not think it necessary to go into these allegations of the position, which position of the court was acquiesced in by counsel for the plaintiff, which left only a final question of whether the plaintiff could withdraw a resignation tendered and accepted before its effective date. The court stated:

"He did resign and whether it was by demand or voluntary makes no difference, the legal effect is the same."

We are not sure that the court is right in this, but would suggest that the safer course for the plaintiff to pursue is to show, if he can, that the allegations of his petition as to the cause of his resignation are true as that might furnish the court with such information as would enable it better to judge whether the case is to be controlled by the reasoning of Orr v Board of Education or by State ex Staley v City of Lakewood, supra.

The trial court may be in possession of information which enabled it to decide the case on a meager showing of evidence, which is not available to a reviewing court.

Judgment reversed. Coming now to render the judgment that the trial court should have rendered, it is ordered that the petition of plaintiff be dismissed on the ground that the facts plead do not entitle plaintiff to a right of injunction.

BARNES, PJ, HORNBECK and GEIGER, JJ, concur.

## ON APPLICATION FOR REHEARING

Decided June 8, 1938

By THE COURT

This matter is now pending on an application for rehearing. The action was based upon an injunction. The court in the opinion heretofore rendered, held:

"An action by injunction is premature and may be resorted to by an incumbent of a public office only to protect his position against the interference of an adverse claimant whose title is in dispute. It is not an appropriate remedy to try the title or determine questions concerning the authority to make appointments thereto."

It was ordered that the petition of the plaintiff be dismissed on the ground that the facts plead do not entitle plaintiff to injunction.

Counsel, in his memorandum, again asserts the propriety of injunction under the facts developed in this case. We have given consideration to the argument of counsel, but conclude we must adhere to our former judgment in the matter.

Counsel properly state that a further question is involved, being:

"Can a prospective resignation, effective in the future, be withdrawn after it has been accepted by the board having appointive power?"

Upon this question the court made no decision, and counsel now urge that the plaintiff is entitled to a ruling of the court upon this question. Counsel points to the provisions of §12223-21, GC, in which it is provided, among other things, "All errors assigned shall be passed upon by the court."

This was an error assigned and the court did not pass upon it after it had determined that the plaintiff had no right to injunctive relief. After an examination of the case of **Kramer v Toledo & Ohio Central R. R. Company**, 53 Oh St 436, at page 445, et seq. we have arrived at the conclusion that it is the duty of this court to pass upon the second question, even though it may hold, and adhere to the holding, that injunction was not the proper proceeding to try the questions at issue. The case cited gives very cogent and convincing reasons why this provision of the statute should be followed and we, therefore, arrive at the conclusion that we should pass upon the other vital question.

It is not necessary to again recite the facts involved in this case. We have before us two decisions, which seem to be in conflict. In the case of **State of Ohio ex Orr v Board of Education of the City of Cleveland**, 23 O.C.C. (N.S.) 98, it is held:

"A resignation from office, to become effective at some future time, can not be withdrawn without the consent of the accepting party."

In the case of **State ex Staley v City of Lakewood**, 47 Oh Ap 519, it is held:

"4. Officer's written resignation, delivered to board or officer authorized to receive it, is prima facie, but not conclusive, evidence of his intention to relinquish office.

"5. Officer's resignation to take effect in future may be withdrawn before effective date thereof even against will of body which has accepted it.

"6. City police officer declaring intention to relinquish position at future date in letter of resignation, held entitled to withdraw resignation before such date, in absence of act of relinquishment of position. (§486-16, GC)".

Both cases involved proceedings in mandamus, as distinguished from the present action for injunctive relief.

The Orr case was decided before the passage of the present Civil Service Act and in it no reference is made to Civil Service. The latter case considered the effects of the Civil Service provisions.

The plaintiff in this case alleges that he was appointed to the position from the eligible list established by competitive examination conducted by the State Civil Service Commission and alleges that notwithstanding his Civil Service status the defendants requested and demanded, wholly for political reasons, that he resign and that said Act was in violation of §§485-2, 486-17 and 486-27, GC.

As pointed out in our former opinion, there is no evidence in the record supporting the allegation that his resignation was demanded wholly for political reasons and, in fact, no evidence touching the reasons for the tendered resignation. The bare question presented is therefore whether or not the resignation of one holding a Civil Service position, to be effective at a future date, may be withdrawn before the arrival of that date, but after it has been accepted by the board having the appointive power.

In the case of State ex Staley, the court, in its opinion, has so well covered the principles to control in a case of the resignation of one holding a Civil Service position as to leave little room for further comment by this court. The fact that the Staley case relates to a resignation affecting a Civil Service position may be sufficient to distinguish it from the Orr case.

However that may be, we regard the Staley case as a more logical presentation of the principles which, in our judgment, should control than the Orr case, and therefore, without further comment, we announce our judgment that the plaintiff in this case had a right, under the circumstances disclosed, to withdraw his tendered resignation before its effective date, even

though the same may have been accepted by the appointing officers and even though such officers may now be opposed to his continuance in the office, and we so hold on the error assigned involving this question.

Inasmuch as we are still of the view that an injunction was not the appropriate remedy, we adhere to our former opinion that the action should be dismissed but that the entry should disclose our judgment on this assignment of error, in accordance with the above opinion.

BARNES, PJ, HORNBECK and GEIGER, JJ, concur.